IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINETTE MORRISON, | : | CIVIL ACTION NO. **1:CV-15-1683** |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Saporito) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | : | FILED WILKES BARRE APR 15 2016 Per MS |
| Defendant | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

Plaintiff Linette Morrison, through counsel, filed this action pursuant to 42 U.S.C. § 405(g) of the Social Security Act on August 28, 2015. The action is currently before the Court on an appeal pursuant to Section 405(g) to review a final administrative determination of the Secretary of Health and Human Services denying plaintiff's claim for a period of disability benefits.

On August 31, 2015, the Court issued a Standing Practice Order in Social Security Appeals which sets for the briefing and other litigation responsibilities that arise during the course of a Social Security appeal. (Doc. 3). The Standing Practice Order states, in relevant part, "(4) Within forty-five (45) days afer service of the defendant's answer, the plaintiff shall serve and file a brief containing the following: statement of the case, statement of errors, argument and conclusion. (LR 83.40.4) Unless otherwise

allowed by Order of Court, the brief shall not exceed fifteen (15) pages. (LR 83.40.7)." (Doc. 3, p. 2).

Defendant filed her answer to the complaint, as well as the transcript of the record, on December 21, 2015. (Docs. 11 and 12). Pursuant to the Standing Practice Order, plaintiff's brief was to have been filed on or before February 5, 2016.

Plaintiff's failure to timely file her brief resulted in the issuance of an Order on February 11, 2016, directing plaintiff to file her brief in support of her appeal within twenty (20) days of the date thereof. The Order advised plaintiff that her failure to do so would result in a recommendation that the action be dismissed pursuant to Fed.R.Civ.P. 41(b). (Doc. 13).

Plaintiff again failed to timely file her brief as directed by the Doc. 13 Order. Out of an abundance of caution, we issued a second Order on March 15, 2016, affording plaintiff a final opportunity to file her brief within twenty (20) days of the date thereof. (Doc. 14). This Order also warned plaintiff that her failure to timely file her brief would result in a recommendation that the action be dismissed pursuant to Fed.R.Civ.P. 41(b).

The time in which plaintiff was to have filed her brief in support of her appeal has expired. The Court, *sua sponte*, gave the plaintiff more than two additional months to file her brief in support of her appeal. The plaintiff has neither filed her brief

nor requested an extension of time in which to do so. In fact, the Court has received no filings from the Plaintiff since she filed her second motion for leave to proceed *in forma pauperis* in October 2015.

## II. Discussion.

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to *prosecute* or comply with these rules or *order of court*, . . ." (emphasis added). In the instant case, plaintiff has failed to both prosecute her action and to comply with the Orders of this Court by her failure to timely file her brief in support of her appeal. We shall recommend that this case be dismissed due to plaintiff's failure to prosecute it and due to her failure to comply with this Court's Orders. Plaintiff should be deemed as abandoning her action. *See McCray v. Dauphin Co. Prison*, 2007 WL 431886 (M.D. Pa); *Nelson v. Berbanier*, 2006 WL 2853968 (M.D. Pa.).

Since we find that plaintiff's conduct clearly shows that she intended to abandon her case, we do not find that an analysis of the factors of *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984), is required before recommending that this case be dismissed under Rule 41(b). *See Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994); *Guyer v. Beard*, 907 F. 2d 1424 (3d Cir. 1990)(the district court's requirement to perform an analysis under *Poulis* is obviated where Plaintiff's conduct is so egregious as to demonstrate an abandonment of his case).

Plaintiff has taken no action with respect to her case since she filed her second motion for leave to proceed *in forma pauperis* on October 13, 2015. (Doc. 6). Plaintiff's behavior constitutes a wilful failure to prosecute her case, as opposed to a situation in which she has had problems in pursuing her case but made efforts to comply with this Court's Orders of August 31, 2015, February 11, 2016 and March 15, 2016. We find that plaintiff's "behavior has been so egregious as to make self-evident the factual findings and analysis [of the *Poulis* factors]." *Williams v. Kort*, 223 Fed. Appx. 95, 103 (3d Cir. 2007). The consequences of plaintiff's failure to prosecute her case were clearly stated in our February 11, 2016 and March 15, 2016 Orders, namely, we will recommend that her case be dismissed. (Docs.13 and 14). *See Leininger v. Twoton, Inc.*, 2009 WL 1363386 (M.D. Pa.).

In *Jackson v. Johnson*, 2006 WL 2136218, *1 (M.D. Pa.), the Court stated that "Fed. R. Civ. P. 41(b) allows for the dismissal of an action where the Plaintiff fails to prosecute or fails to comply with rules or orders of the court."

The *Jackson* Court also stated:

> the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir.1984) [are analyzed] to determine whether dismissal of the action is appropriate in this case. The *Poulis* factors the Court should consider are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of

> dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.
> *Poulis,* 747 F.2d at 868.
>
> We agree with the Magistrate Judge's determination that the Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis,* and that Plaintiff's failure to comply with the Order of May 30, 2006 indicates that the Plaintiff has abandoned this lawsuit. Her inaction points to no other logical conclusion.

*Id.*

Thus, out of an abundance of caution, we also analyze the *Poulis* factors. We find plaintiff's stated conduct in delaying her case to be attributable to her personally. Plaintiff was required to have filed her brief in support of her appeal by February 5, 2016. As mentioned, we, *sua sponte,* afforded plaintiff additional time within which to comply with the August 31, 2015 Standing Practice Order and our Orders of February 11, 2016 and March 15, 2016. (Docs. 3, 13 and 14). Plaintiff has filed nothing in response to the stated Order, and she has not notified the Court that she intends to pursue her action.

We find that plaintiff has caused prejudice to defendant since she has been named in a federal lawsuit which cannot proceed due to plaintiff's inaction. Plaintiff has a significant history of dilatoriness in this case, and her present conduct in failing to

prosecute her August 2015 case is evidence of dilatoriness, especially since this case cannot proceed without her compliance with the August 31, 2015, February 11, 2016, and March 15, 2016 Orders.

Based on our discussion above, we find that plaintiff's conduct is wilful, especially since she has filed nothing with the Court in more than six months, since she has failed to respond to the February 11, 2016 and March 15, 2016 Orders, and since she has not contacted the Court to explain why she has failed to comply with the Orders.

Plaintiff has been forewarned that her failure to comply with the February 11, 2016 and March 15, 2016 Orders will result in a recommendation that her case be dismissed. As stated, this case cannot proceed without plaintiff's compliance with the Orders in question. Since we will recommend that plaintiff's case be dismissed without prejudice, and since plaintiff has not paid the filing fee, we find that other sanctions would not be effective in this case.

Thus, we find that the *Poulis* factors weigh in favor of dismissing this case without prejudice and that plaintiff's failure to comply with the Court's February 11, 2016 and March 15, 2016 Orders demonstrates she has abandoned her case.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that the action be dismissed without prejudice on the basis of plaintiff's failure to comply with the Court's August 31, 2015, February 11, 2016, and March 15, 2016 Orders. It is also recommended that plaintiff's case be dismissed without prejudice on the basis of her failure to prosecute her action.

JOSEPH F. SAPORITO, JR.
**United States Magistrate Judge**

**Dated: April 15, 2016**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LINETTE MORRISON, | CIVIL ACTION NO. **1:CV-15-1683** |
| Plaintiff | (Judge Kane) |
| v. | (Magistrate Judge Saporito) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 15, 2016.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

s/ Joseph F. Saporito, Jr.
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: April 15, 2016